## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| NOCTURE NAYDENE ZELLARS | ) | |
| 2638 Jasper St. SE. | ) | |
| Washington, DC 20020 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:20-cv-3528 |
| | ) | |
| WASHINGTON METROPOLITAN | ) | |
| AREA TRANSIT AUTHORITY | ) | |
| 600 5th Street, NW | ) | |
| Washington, DC 20001 | ) | |
| | ) | |
| **Serve on:** | ) | |
| Patricia Y. Lee | ) | |
| 600 5th Street, NW | ) | |
| Washington, D.C. 20001 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Nocture Naydene Zellars by and through her attorneys, John J. Yannone,

Arren T. Waldrep, and PRICE BENOWITZ, LLP, and hereby files this Complaint against

Defendant Metropolitan Area Transit Authority ("WMATA") and states as follows:

## PARTIES

1.      Plaintiff Nocture Naydene Zellars ("Zellars") is an adult resident of the District of

Columbia, residing at 2638 Jasper Street. SE, Washington, DC 20020.

2.      Defendant WMATA is a state and interstate agency created by the United States

Congress and adopted by the governments of the District of Columbia, Maryland, and Virginia,

and has its principal office located at 600 5th Street, NW, Washington, DC 20001. *See* D.C.Code

§ 1-2431; Md.Code Ann. [Transp.] §§ 10-201, *et seq.;* and Va.Code Ann. §§ 56-529 *et seq.*

## JURISDICTION AND VENUE

3.      This matter arises out of a motor-vehicle collision that occurred on or about February 27, 2019, at approximately 3:34 p.m. on Pennsylvania Avenue, NW, at or near its intersection with 10th Street, NW, in Washington, DC.

4.      Subject Matter Jurisdiction of this Court is proper herein pursuant to D.C. Code § 11- 921, *et seq.* because this Complaint alleges negligent acts or omissions that occurred in the District of Columbia.

5.      This Court has jurisdiction over this action pursuant to Section 81 of the Washington Metropolitan Area Transit Regulation Compact, which provides that the United States District Courts shall have original jurisdiction over all actions brought by or against the Washington Metropolitan Area Transit Authority. D.C. Code § 9-1107.01, ¶ 81.

6.      Venue is properly laid in this Court pursuant to 28. U.S.C. § 1391(b)(2) because the acts and omissions complained of occurred in the District of Columbia.

7.      Plaintiff Zellars hereby demands a jury trial on the allegations detailed below.

## FACTUAL BACKGROUND

8.      On or about February 27, 2019, Plaintiff Zellars was a passenger on a Metro Bus ("the Bus"), driven by Reginald Robert Paris ("Paris"), travelling on Pennsylvania Avenue, NW, at or near its intersection with 10th Street, NW, in Washington, DC, directly behind a second bus.

9.      At approximately 3:34 p.m. on the aforementioned date, a second bus, driven by Gilbert Harold Harrison ("Harrison"), was stopped to pick up passengers on Pennsylvania Avenue, NW, at or near its intersection with 10th Street, NW, in Washington, DC, directly in front of the Metro Bus on which Plaintiff Zellars was a passenger.

10.     Suddenly and without warning, Paris failed to pay full time and attention, failed to control the speed of his vehicle to avoid a collision, lost control of his vehicle, and violently struck the rear of the bus driven by Harrison, which was stopped directly in front of his vehicle.

11.     As a direct and proximate result of the violent impact from the collision, Plaintiff Zellars was caused to be thrown from her seat and her body to be violently thrown about the interior of the Bus driven by Paris, causing serious, severe, significant, and permanent injuries.

12.     At all times relevant hereto, the Bus operated by Paris was owned by Defendant WMATA.

13. Upon information and belief, Defendant WMATA gave express permission to Paris to operate, use, and control the Bus described above on February 27, 2019.

14. Upon information and belief, at all times relevant hereto, including February 27, 2019, Paris was acting as the agent, servant, employee, representative, and/or independent contractor of Defendant WMATA.  Additionally, Paris was operating the Bus pursuant to Defendant WMATA's order and/or direction.  Further, Paris was carrying out the affairs for the benefit of Defendant WMATA.

15. As the principal for Paris, Defendant WMATA is responsible for all of the acts and/or omissions committed by Paris, who was Defendant WMATA's actual and/or apparent agent, servant, employee, representative, and/or independent contractor acting within the course and scope of his actual and/or apparent agency and/or employment under the doctrine of vicarious liability and/or *respondeat superior*.

16.     At all times relevant hereto, Paris operated the Bus in a dangerous and unsafe manner, failed to yield to a stopped vehicle, failed to pay full time and attention to the operation of the Bus, failed to control the speed of the Bus to avoid a collision, failed to properly bring the

Bus to a stop to avoid a collision, was operating the Bus in a careless and imprudent manner

endangering property, life, and person, and ultimately struck the second bus in front of him.

17.     Plaintiff Zellars in no way caused or contributed to the accident or to her injuries.

**COUNT I: Negligence**
**(Defendant WMATA)**

18. Plaintiff Zellars re-alleges and incorporates by reference all of the facts and allegations

of the aforementioned paragraphs as if fully set forth herein and further alleges:

19. Defendant WMATA, by its agents, servants and employees, had a duty to

act reasonably and to use due care while operating a motor vehicle. In particular, Defendant

WMATA, by and through its agents, servants and employees, had a duty, *inter alia*, to:

a.  yield the right of way;

b.  maintain proper and adequate control of its vehicle;

c.  pay full time and attention to traffic;

d.  maintain a proper lookout;

e.  drive cautiously;

f.  avoid following too closely;

g.  maintain a proper and safe distance with the vehicle in front of it;

h.  obey all traffic control devices;

i.  reduce the speed of its vehicle to avoid a collision;

j.  stop in time in order to avoid a collision;

k.  avoid a collision;

l.  exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing; and

4

      m.  observe and obey the rules and laws of the District of Columbia.

20. Defendant WMATA, by and through its agents, servants and employees, breached that duty of care on February 27, 2019.

21. The February 27, 2019, motor vehicle collision was caused by Defendant WMATA, by and through its agents', servants' and employees' recklessness, carelessness, and/or negligence, and for that, among other acts and omissions, Defendant WMATA, by and through its agents, servants and employees:

      a.  failed to yield the right of way;

      b.  failed to maintain proper and adequate control of its vehicle;

      c.  failed to pay full time and attention to traffic;

      d.  failed to maintain a proper lookout;

      e.  failed to drive cautiously;

      f.  followed too closely;

      g.  failed to maintain a proper and safe distance with the vehicle in front of it;

      h.  failed to obey all traffic control devices;

      i.  failed to reduce the speed of its vehicle so as to avoid a collision;

      j.  failed to stop in time in order to avoid a collision;

      k.  failed to avoid a collision;

      l.  failed to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing;

      m.  failed to observe and obey the rules of the District of Columbia; and

      n.  was otherwise negligent.

22. As a direct and proximate result of the negligence, recklessness, and/or carelessness of

Defendant WMATA, by its agents, servants, and employees, Plaintiff Zellars has suffered and will continue to suffer severe, debilitating physical and emotional injuries and a diminished capacity for the enjoyment of life.

23. As a further result of the negligence and carelessness of Defendant WMATA, by its agents, servants and employees, Plaintiff Zellars has incurred substantial medical and related expenses to alleviate her injuries, pain and suffering, lost employment opportunity, lost wages, loss of time and enjoyment from her customary leisure and recreational activities, and impairment of her customary leisure and recreational activities.

24. All of Plaintiff Zellars's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant WMATA, by its agents, servants and employees, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff and without an opportunity for Plaintiff to avoid the collision.

25. Plaintiff Zellars in no way caused or contributed to the accident or to her injuries.

WHEREFORE, Plaintiff Nocture Naydene Zellars demands judgment against Defendant WMATA in the amount of Five Hundred Thousand and 00/100 Dollars ($500,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

Respectfully submitted,

**PRICE BENOWITZ, LLP**


By:   _/s/ **John J. Yannone**_____
John J. Yannone, Esq. (DC Bar #452458)
Arren T. Waldrep, Esq. (DC Bar #999861)
409 7th Street, N.W., Suite 200
Washington, DC 20004
john@Pricebenowitzlaw.com
arren@Pricebenowitzlaw.com
(202) 417-6000 (p)
(301) 244-6659 (f)
*Attorneys for Plaintiff*


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.


_____/s/ **John J. Yannone**_____
John J. Yannone, Esq.


7